Scott P. ZENANKO, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. A04–219.

Supreme Court of Minnesota.

Nov. 24, 2004.

---

## OPINION

MEYER, Justice.

Scott P. Zenanko appeals from the postconviction court's summary denial of his second petition for postconviction relief. On May 12, 1995, a Crow Wing County jury found Zenanko guilty of the crimes of first-degree premeditated murder, first-degree intentional murder while committing a burglary, attempted murder, and first-degree burglary. He was sentenced to consecutive terms of life in prison for each murder conviction, a consecutive term of 180 months in prison for the attempted murder conviction, and a concurrent term of 48 months for the burglary conviction. On direct appeal, we affirmed his conviction. *State v. Zenanko*, 552 N.W.2d 541 (Minn.1996) (*Zenanko I*). We subsequently affirmed the denial of Zenanko's first petition for postconviction relief. *Zenanko v. State*, 587 N.W.2d 642, 645 (Minn.1998)

(*Zenanko II*). On August 4, 2003, Zenanko filed a second petition for postconviction relief.[1] The postconviction court summarily denied Zenanko's second petition for postconviction relief. We affirm.

A full statement of the underlying facts in this case is contained in our decision on direct appeal. *Zenanko I*, 552 N.W.2d at 541. In the direct appeal, we affirmed Zenanko's conviction and denied claims of evidentiary insufficiency as to burglary and felony murder, improper admission of evidence, and prosecutorial misconduct. *Id.* We also denied Zenanko's pro se claims of prejudicial security measures and excessive bail. *Id.*

The first postconviction court summarily denied Zenanko's first petition, concluding that his claims of prosecutorial misconduct, nondisclosure of evidence, ineffective assistance of trial counsel, improper sentencing, and improper jury instructions were procedurally barred under *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (Minn. 1976), and the ineffective assistance of appellate counsel claim was "without merit." *Zenanko II*, 587 N.W.2d at 645. This court affirmed the postconviction court's denial of Zenanko's first petition for postconviction relief. *Id.*

Zenanko's second postconviction petition, at issue in this appeal, was denied. The postconviction court ruled that Zenanko's claims based on ineffective assistance of trial counsel, denial of his constitutional right to discovery of exculpatory evidence, denial of a fair trial and due process, and denial of his right to confront accusers and be present at all stages of trial were procedurally barred under *Knaffla*.[2] As to his

---

1. Zenanko also filed a motion for change of venue, a motion for court-authorized funding for voir dire transcripts, and a motion to extend the time for ruling on his second postconviction petition. These motions were denied and were not included in Zenanko's notice of appeal.

2. Zenanko also included in his petition a claim of "other constitutional grounds as may

claim of ineffective assistance of appellate counsel, the postconviction court concluded that this claim was without merit.

 Postconviction relief may be sought in Minnesota pursuant to Minn. Stat. § 590.01, subd. 1 (2002). Review of a postconviction proceeding is limited to determining "whether there is sufficient evidence to sustain the postconviction court's findings, and a postconviction court's decision will not be disturbed absent an abuse of discretion." *Sanders v. State*, 628 N.W.2d 597, 600 (Minn.2001) (citing *Hodgson v. State*, 540 N.W.2d 515, 517 (Minn. 1995)). A petitioner seeking postconviction relief has the burden of establishing by "a fair preponderance of the evidence" the facts alleged in the particular petition. Minn.Stat. § 590.04, subd. 3 (2002); *see also Sanders*, 628 N.W.2d at 600. In addition, a petitioner's allegations must be "more than argumentative assertions without factual support." *Hodgson*, 540 N.W.2d at 517 (citing *Beltowski v. State*, 289 Minn. 215, 217, 183 N.W.2d 563, 564 (1971)).

 The first issue in this appeal is whether the postconviction court abused its discretion when it concluded that Zenanko's claims of ineffective assistance of trial counsel, denial of his constitutional right to discovery of exculpatory evidence, denial of a fair trial and due process of law, and denial of his constitutional right to confront accusers and to be present at all stages of trial were barred by *Knaffla*. Once a direct appeal has been taken, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. There are two

exceptions to *Knaffla*: (1) if a novel legal issue is presented, or (2) if the interests of justice require relief. *Ives v. State*, 655 N.W.2d 633, 636 (Minn.2003). The second exception may be applied if fairness requires it and the petitioner did not "deliberately and inexcusably" fail to raise the issue on direct appeal. *Fox v. State*, 474 N.W.2d 821, 825 (Minn.1991). In addition, the court has stated that though a claim of ineffective assistance of trial counsel is generally barred if not raised on direct appeal, an exception exists when the court needs to conduct additional fact-finding to consider the claim on its merits. *Ives*, 655 N.W.2d at 636.

 Zenanko argues that under the interests of justice exception to *Knaffla*, fairness requires substantive review of his claims because of: (1) the refusal to grant petitioner a complete set of trial transcripts, (2) the bias of the postconviction judge, (3) the "improper procedural default" caused by appellate counsel's advice, (4) the unconstitutionality of *Knaffla*, (5) the retroactive application of the rules created in *Black v. State*, 560 N.W.2d 83 (Minn.1997), and (6) the improper procedural default of Zenanko's ineffective assistance of counsel issue. Having carefully reviewed Zenanko's arguments, we conclude that they are without legal merit and factual support. Therefore, we hold that no exception to *Knaffla* applies in this case and the postconviction court did not abuse its discretion in summarily denying Zenanko's claims of ineffective assistance of trial counsel, denial of his constitutional right to discovery of exculpatory evidence, denial of his constitutional right to a fair trial and due process of law, and denial of his constitutional right to confront accusers and to be present at all stages of trial.

---

arise." We will not consider this claim because a petitioner's allegations must be "more than argumentative assertions without factual

support." *Hodgson v. State*, 540 N.W.2d 515, 517 (Minn.1995).

The remaining issue is whether the postconviction court abused its discretion when it denied Zenanko's ineffective assistance of appellate counsel claim. Zenanko argues that his appellate counsel in his direct appeal incorrectly informed him that he would be able to raise a claim of ineffective assistance of trial counsel in a postconviction petition. In essence, Zenanko claims that had he known that his ineffective assistance of trial counsel claims would be *Knaffla*-barred in a postconviction hearing, he would have brought those claims in his direct appeal. In the instant appeal, *Knaffla* does not bar Zenanko's ineffective assistance of appellate counsel claim because the claim could not have been known until after his ineffective assistance of trial counsel claim was denied in his first petition for postconviction relief.

 To prove ineffective assistance of counsel, Zenanko must show that his counsel's representation "fell below an objective standard of reasonableness, and that a reasonable probability exists that the outcome would have been different but for counsel's errors." *Boitnott v. State*, 631 N.W.2d 362, 370 (Minn.2001) (citing *State v. Lahue*, 585 N.W.2d 785, 789 (Minn. 1998); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). There is a strong presumption that counsel's performance was reasonable. *Boitnott*, 631 N.W.2d at 370 (citing *State v. Jones*, 392 N.W.2d 224, 236 (Minn.1986)). Courts may first address the prejudice prong of the ineffective assistance of counsel analysis and in instances where there is no actual prejudice, courts can avoid evaluating the performance of counsel. *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052; *see also Dukes v. State*, 621 N.W.2d 246, 254 (Minn.2001). Accordingly, we begin by analyzing whether Zenanko suffered any prejudice.

 To succeed on his ineffective assistance of appellate counsel claim, Zenanko must first show that trial counsel was ineffective. *See Sullivan v. State*, 585 N.W.2d 782, 784 (Minn.1998) (stating if defendant "cannot establish a claim of ineffective assistance of trial counsel, his appellate counsel claim automatically fails"). After careful review of the record, we conclude that Zenanko's claims of ineffective assistance of trial counsel are not supported by the facts and are entirely without merit.[3] Accordingly, Zenanko has failed to establish the prejudice prong of his ineffective assistance of appellate counsel claim. Therefore, it is not necessary to reach the question of whether counsel's representation fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 697, 104 S.Ct. 2052; *Dukes*, 621 N.W.2d at 254. We affirm the postconviction court's denial of Zenanko's claim of ineffective assistance of appellate counsel.

In conclusion, we hold that the postconviction court did not abuse its discretion when it summarily denied Zenanko's second petition for postconviction relief.

Affirmed.

---

**3.** Zenanko claims that his trial counsel was ineffective because he: (1) did not present the affirmative defense of self-defense, (2) failed to conduct pretrial investigations or review the state's discovery, (3) did not introduce two pieces of evidence that were favorable to the defense, (4) failed to use impeachment evidence against three of the state's witnesses, (5) failed to object or have placed on the record the extraordinary security measures used throughout trial, (6) failed to object to prosecutorial misconduct in the state's opening statement and closing argument to the jury, (7) lied to Zenanko about his rights, (8) operated under a conflict of interest, (9) waived Zenanko's right to an omnibus hearing, and (10) admitted his guilt to lesser-included offenses.

ANDERSON, G. BARRY, J., not having been a member of the court at the time of submission, took no part in the consideration or decision of this case.