**Michael Gary LEE, petitioner,
Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. A05–1375.**

Supreme Court of Minnesota.

July 20, 2006.

Michael Gary Lee, Bayport MN, Pro Se Appellant.

Mike Hatch, Attorney General, Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant County Attorney, St. Paul, MN, for Respondent.

## OPINION

GILDEA, Justice.

Michael Gary Lee was convicted of one count of first-degree murder and two counts of attempted first-degree murder. Lee appealed his convictions to this court and this court affirmed. *State v. Lee*, 491 N.W.2d 895 (Minn.1992). Lee's subsequent petition for postconviction relief was denied by the postconviction court. Lee now appeals the denial of postconviction

relief to this court. We affirm the post-conviction court's denial of Lee's petition for postconviction relief.

On December 13, 1990, Michael Gary Lee was found guilty of first-degree murder by a Ramsey County jury for the stabbing death of 16–year–old Bethany Muller and the attempted first-degree murders of Laura Muller and Kristin Salyers. Lee was sentenced to consecutive sentences of life for the murder of Bethany Muller, 180 months (15 years) for the attempted murder of Laura Muller, and 240 months (20 years) for the attempted murder of Kristin Salyers. This court's opinion issued in response to Lee's direct appeal provides a full statement of the background facts in this case. *Lee*, 491 N.W.2d at 896–99.

On December 17, 2004, Lee filed his petition for postconviction relief, arguing that the district court erred "because the court ignored the mitigating factors that led to petitioner's crime." Lee requested that his sentence be reviewed because "mitigating circumstances were not considered in his sentencing." In the petition, Lee alleged that "[t]he district court did not consider such factors as petitioner's depression, addictions, lack of criminal history, or his *prior unanswered* request for medication prior to the offense." The district court denied relief pursuant to Minn. Stat. § 590.04, subd. 3 (2004), because Lee's petition raised "issues identical to those already determined on appeal[.]"

■ We review the summary denial of Lee's postconviction petition under an abuse of discretion standard. *Zenanko v. State*, 688 N.W.2d 861, 864 (Minn.2004). Minnesota Statutes § 590.04, subd. 3 (2004), allows a postconviction court to "summarily deny a petition when the issues raised in it have previously been decided by the Court of Appeals or the Supreme Court in the same case."

■ In his direct appeal, we rejected Lee's nearly-identical argument that the district court erred in sentencing because it "should have taken into account that he had no prior criminal record." *See Lee*, 491 N.W.2d at 902. We also rejected Lee's argument that he "was suffering from mental impairment at the time of the crimes," concluding that Lee "was depressed, angry and maybe impulsive, but he did not suffer from an *extreme* mental impairment that would warrant different treatment at sentencing." Id. To the extent that Lee did not argue, in his direct appeal, that the district court erred by not considering his "addictions" or "his prior unanswered request for medication," those arguments are foreclosed by our conclusion that Lee's mental state did not "warrant different treatment at sentencing" and that the district "court acted within its discretion in sentencing [Lee]." Id. As such, the district court did not abuse its discretion in summarily denying Lee's petition.

Even if we were to conclude that Lee's petition for postconviction relief raises issues different from the issues already addressed in his direct appeal, the "*Knaffla* rule" bars Lee's claim. *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976) (When a direct appeal has once been taken by a convicted defendant, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief."). This court has determined that the *Knaffla* rule also bars claims that should have been known by the appellant at the time of appeal. *Perry v. State*, 705 N.W.2d 572, 574 (Minn.2005). As Lee's claim is, at best, a variation of his direct appeal claim that the district court erred by imposing consecutive sentences and an upward departure, he certainly

knew or should have known of the claim at the time of his direct appeal.

 " 'There are two exceptions to the *Knaffla* rule: (1) if a novel legal issue is presented, or (2) if the interests of justice require review.' " *Perry*, 705 N.W.2d at 574. (quoting *Taylor v. State*, 691 N.W.2d 78, 79 (Minn.2005)). Lee has articulated no reason why either exception should apply, and we have previously declined to apply the exceptions in the absence of such reasons. *See id.* at 576. Our independent review of Lee's claim and the record makes it clear that neither of the exceptions apply.

We hold that the district court did not abuse its discretion in summarily dismissing Lee's postconviction petition.

Affirmed.