McKEIG, Justice.
A Washington County jury found petitioner Thomas Fox guilty of first-degree premeditated murder and first-degree felony murder for the December 2011 stabbing death of Lori Baker. The district court sentenced Fox to life imprisonment without the possibility of release on the first-degree premeditated murder conviction. Fox appealed, and on June 15, 2015, we affirmed his convictions. State v. Fox , 868 N.W.2d 206 (Minn. 2015). On November 28, 2016, Fox filed a petition for postconviction relief, which the postconviction court summarily denied without an evidentiary hearing. Because the record conclusively shows that Fox is not entitled to relief, we affirm.
FACTS
The State charged Fox with first-degree premeditated murder and first-degree felony murder for stabbing his girlfriend, Lori Baker, 48 times and stealing her debit card. Fox , 868 N.W.2d at 211-12. On May 31, 2013, a jury found Fox guilty on both counts. Id. at 213. He was sentenced to life in prison without the possibility of release.[1]
On direct appeal, Fox's counsel briefed four arguments: (1) Fox's Miranda rights were violated; (2) his statements to police should have been suppressed; (3) the district court provided an erroneous jury instruction regarding circumstantial evidence; and (4) the State did not present sufficient evidence to support his convictions. Fox , 868 N.W.2d at 213-26. Fox submitted a supplemental pro se brief, in which he alleged that: (5) "his statements to police were unconstitutionally obtained;" (6) the State had committed prosecutorial misconduct; (7) it was error to sentence him to life in prison without the possibility of release; (8) the trial court erred by not giving a lesser-included-offense instruction to the jury; (9) the date of the offense was incorrect on the indictment; (10) his indictment was not supported by probable cause; (11) the State engaged in prosecutorial misconduct during the grand jury proceedings; and (12) his trial counsel was ineffective. Id. at 226 n.5. We rejected all of the arguments raised by Fox's counseled brief and his pro se brief, and affirmed his convictions on June 15, 2015. Id. at 226.
On November 28, 2016, Fox filed a pro se postconviction petition, alleging six grounds for postconviction relief: (1) the evidence was insufficient to support the conviction; (2) Fox received ineffective assistance of trial and appellate counsel; (3) the State's alleged failure to preserve exculpatory evidence violated his due process rights; (4) the search warrant for a DNA sample and fingernail samples was constitutionally defective, violated his Fourth Amendment rights, and was not addressed though raised in his direct appeal; (5) that Brady violations infringed his due process *433 rights and Sixth Amendment right to confront witnesses; and (6) that his trial counsel's failure to challenge an order for restitution constitutes ineffective assistance of counsel. Fox also requested relief based on any other grounds the court may deem appropriate, "even though not specifically raised by the petitioner." The postconviction court concluded that the petition and the record conclusively showed that Fox was not entitled to any relief and rejected the petition without holding an evidentiary hearing. Fox appealed from this order.
ANALYSIS
We review a court's postconviction decisions for an abuse of discretion. Moua v. State , 778 N.W.2d 286, 288 (Minn. 2010). The postconviction court's conclusions of law are reviewed de novo. Id. We construe Fox's petition liberally, as we do generally with pro se petitions. See Wallace v. State , 820 N.W.2d 843, 849 (Minn. 2012) ; see also Minn. Stat. § 590.03 (2016) ("The court shall liberally construe the petition...."). If, taking the facts alleged in the light most favorable to the petitioner, the "petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief," the postconviction court may dismiss the petition without an evidentiary hearing. Minn. Stat. § 590.04, subd. 1 (2016) ; see also Taylor v. State , 910 N.W.2d 35, 38 (Minn. 2018).
We will not consider claims that are "based on grounds that could have been raised on direct appeal of the conviction or sentence." Minn. Stat. § 590.01, subd. 1 (2016) ; see State v. Knaffla , 309 Minn. 246, 243 N.W.2d 737, 741 (1976) (barring postconviction review of all claims raised "and all claims known but not raised," on direct appeal); see also White v. State , 711 N.W.2d 106, 109 (Minn. 2006) (barring all postconviction claims that were known "or should have been known" at the time of direct appeal).[2]
I.
The arguments Fox raises in his brief fall into three categories-arguments that are barred because we addressed them on direct appeal, arguments that are barred because Fox knew or should have known of their factual basis at the time of his direct appeal, and arguments that are not procedurally barred but fail as a matter of law. We address each category of arguments in turn.
A.
The first category of claims are those we have already addressed on direct appeal. Claims raised on direct appeal "will not be considered upon a subsequent petition for postconviction relief." Knaffla , 243 N.W.2d at 741.
Sufficiency of the Evidence
Fox argues that the evidence presented was insufficient to prove the elements of either first-degree premeditated murder or first-degree felony murder. We expressly addressed and rejected Fox's assertions that there was insufficient evidence of intent or premeditation in his *434 direct appeal. Fox , 868 N.W.2d at 222-26. Because we already expressly rejected Fox's claim that the evidence was insufficient on direct appeal, the district court did not err when it summarily dismissed this claim without an evidentiary hearing.
B.
The second category of claims are those that Fox knew or should have known of at the time of his direct appeal. Because he did not raise them in his direct appeal, these claims are barred under Minn. Stat. § 590.01, subd. 1, and Knaffla . Accordingly, the postconviction court did not err when it summarily dismissed these claims without holding an evidentiary hearing. We address each of these claims in turn.
Alleged Brady Violations
Fox argues that the State violated Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose impeachment evidence regarding prosecution witnesses and exculpatory evidence. Knaffla bars consideration of alleged Brady violations when the underlying facts were known, or should have been known, at the time of a previous appeal. Hooper v. State , 838 N.W.2d 775, 789 (Minn. 2013). In his brief, Fox admits that the district court denied his requests for "copies of recording[s] of phone calls, and video footage from the jail, and internet phone, and mental records, and jail house informant[']s deal." When Fox made this request, his trial counsel argued that failing to provide this evidence would constitute a violation of Brady . Thus, Fox knew of the factual basis for his current Brady claims at trial, and could have asserted the alleged violations on direct appeal. Accordingly, these claims are now Knaffla -barred. See also Minn. Stat. § 590.01, subd. 1.
Alleged Witness Perjury
Fox generally alleges that some of the State's witnesses perjured themselves and offered false testimony. These allegations relate to statements that are part of the trial record. Knaffla bars consideration of claims based on evidence in the trial record because such claims were known, or should have been known, at the time of direct appeal. Wright v. State , 765 N.W.2d 85, 90 (Minn. 2009) ; White , 711 N.W.2d at 110. Fox does not offer any explanation or excuse for failing to assert the perjury claims on direct appeal. This claim is also Knaffla -barred. See also Minn. Stat. § 590.01, subd. 1.
Validity of the Search Warrant
After Fox's arrest, police executed a search warrant for his person that allowed them to obtain DNA and fingernail samples. Fox now argues that this search warrant was deficient. This claim is Knaffla -barred because Fox reasonably should have been aware of any alleged defects in the search warrant at the time of his direct appeal. See Azure v. State , 700 N.W.2d 443, 448 (Minn. 2005) (holding that a Fourth Amendment claim was Knaffla -barred when petitioner knew, at the time of his direct appeal, that the State had obtained evidence pursuant to a search warrant and had presented that evidence at trial). Fox offers no explanation why he did not, or could not have, raised this claim during his direct appeal. Therefore, this claim is also barred under Knaffla and Minn. Stat. § 590.01, subd. 1.
Alleged Violation of the Prompt Arraignment Rule
In addition to challenging the validity of the search warrant, Fox claims that, because he was initially arrested on December 29, 2011, but not arraigned until April 20, 2012, police violated *435 Minn. R. Crim. P. 4.02, subd. 5(1). This rule requires arrestees be brought before a judge "without unnecessary delay." Id. But, Fox was initially arrested on a warrant unrelated to the investigation of the murder for which he was eventually convicted. Fox , 868 N.W.2d at 211. In fact, Fox was indicted for murder on April 19, 2012, and arraigned just one day later on April 20, 2012.
Further, Fox knew or should have known the dates that he was arrested and arraigned, and does not offer any new information or explanation of why he could not have raised this issue during his direct appeal. Thus, this claim is also barred. See Minn. Stat. § 590.01, subd. 1.
Fox's Competency to Stand Trial
Fox further alleges that his trial counsel erred by not investigating whether he was competent to stand trial. On May 8, 2013, Fox filed a number of "objections" with the trial court, including his belief that his counsel was ineffective for failing to have him psychologically assessed. Because Fox knew of and could have raised this alleged issue in his direct appeal, it is now barred. Knaffla , 243 N.W.2d at 741 ; see also Koskela v. State , 690 N.W.2d 133, 134 (Minn. 2004) ("The Knaffla bar includes all claims that the appellant should have known of at the time of direct appeal.").
Allegedly Staged Photograph
Fox also argues that the Bureau of Criminal Apprehension ("BCA") created a false exhibit. According to Fox, the kitchen drawer was not ajar, as depicted in trial exhibit 14. Rather, he alleges, the BCA pulled the drawer ajar and then took a picture. Fox has submitted photographs as proof that the drawer was allegedly shut. To refute the BCA's photos, Fox's photos would need to have been taken on December 27 or December 28, 2011. This would mean that Fox was aware of these photos before his trial, and could have raised the issue in his direct appeal. This claim is therefore barred.
Alleged Exclusion of Grand Jurors Based on Race
Fox asserts that the State excluded grand jury members based on race. Nothing in the grand jury transcript suggests that the attorneys excluded any grand jurors for any reason, racial or otherwise. In fact, nothing in the grand jury transcript provides any insight about any grand juror's race. Fox was not present at the grand jury proceedings, and has offered no evidence of a racially biased grand jury selection. Fox has also not offered any excuse or explanation for his failure to raise the issue during his direct appeal; nor does he claim to have learned of new evidence after his appeal. This claim is therefore also barred.
Conflicts of Interest
Fox also argues that he was prejudiced by his counsel's conflict of interest arising from representing multiple defendants. But Fox, the sole defendant in his case, has not identified any actual conflict. Instead, he claims that a conflict existed because the public defenders assigned to his case were also responsible for other cases. Even assuming there is any merit to this argument, Fox has not explained why he could not have raised this issue in his direct appeal. This claim is therefore also barred.
Failure to Secure DNA Testing
Finally, Fox alleges that his trial counsel was ineffective for failing to seek DNA testing of the blood-soaked comforter found at the crime scene. According to Fox, it was prejudicial to allow the jury to believe that the mix of his and Baker's DNA on the comforter was from their *436 blood, instead of Baker's blood and Fox's semen or saliva. Fox raised this objection with the trial court, was aware of the claim, and could have raised this issue on direct appeal. Thus, this claim is also barred.
C.
The third category of claims Fox raises are those that are not procedurally barred, but fail as a matter of law. Postconviction claims that fail as a matter of law do not require an evidentiary hearing. See State v. Vang , 847 N.W.2d 248, 266 (Minn. 2014).
Ineffective Assistance of Appellate Counsel
Fox also claims that he received ineffective assistance from his appellate counsel. To succeed on this claim, Fox must "overcome the 'presumption that counsel's performance fell within a wide range of reasonable' representation." Wright , 765 N.W.2d at 91 (quoting Gail v. State , 732 N.W.2d 243, 248 (Minn. 2007) ).
Fox argues that his appellate counsel was ineffective because she did not raise an ineffective-assistance-of-trial-counsel argument. To prevail on this claim, Fox must first establish that his trial counsel was actually ineffective. Zenanko v. State , 688 N.W.2d 861, 865 (Minn. 2004). In Zenanko , we determined the petitioner's claim of ineffective assistance of trial counsel was meritless and petitioner therefore could not show prejudice from his appellate counsel not raising the issue. Id. Here, we have already considered and rejected Fox's claim that his trial counsel was ineffective when Fox raised the issue on direct appeal in his supplemental pro se brief. Fox , 868 N.W.2d at 226 n.5. Fox has not provided any new evidence that his trial counsel was ineffective. Thus, under Zenanko , Fox's claim that his appellate counsel was ineffective is meritless. Zenanko , 688 N.W.2d at 865 ; see also Evans v. State , 788 N.W.2d 38, 45 (Minn. 2010) (imposing duty on appellate counsel only to bring the most meritorious claims, not every possible claim).
Fox also argues that his appellate counsel was ineffective for filing a direct appeal from his conviction instead of a petition for postconviction relief. He argues that filing a postconviction petition first would have allowed him to "preserve all of the trial record." But the substantial trial record in this case has been preserved. Further, Fox's appellate counsel is entitled to make reasonable strategic decisions. See Dobbins v. State , 788 N.W.2d 719, 729 (Minn. 2010). Fox has not shown that his appellate counsel's strategic decision to not seek a stay of his direct appeal and pursue a postconviction petition instead was objectively unreasonable, and therefore cannot prove ineffective assistance of appellate counsel on this ground.
Finally, Fox argues that counsel was ineffective for failing to "go through the entire discovery." Fox does not state which counsel-trial or appellate-was allegedly ineffective, or provide any detail regarding counsel's failure to "go through" discovery. Even construing his petition liberally, Fox simply does not allege sufficient facts to conclude what occurred (or did not occur) or that he was prejudiced by the alleged failure. See Patterson v. State , 670 N.W.2d 439, 442 (Minn. 2003) ("Under the prejudice prong, [the defendant] must allege facts that demonstrate that there is a reasonable probability that, but for his counsel's errors, the result of the trial would have been different."). Thus, this claim also fails as a matter of law.
CONCLUSION
For the foregoing reasons, we affirm the decision of the postconviction court.
Affirmed.
THISSEN, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

We recited the facts underlying Fox's conviction in Fox , 868 N.W.2d at 211-13.

Fox argues we should consider his petition under the interests-of-justice exception to Knaffla . We have not addressed the impact of the 2005 amendments to Minn. Stat. § 590.01 on Knaffla and its exceptions. See Hooper v. State , 838 N.W.2d 775, 787 n.2 (Minn. 2013) (collecting cases). We do not reach this issue here because, even if the Knaffla -interest-of-justice exception applies, Fox has not satisfied it. This is so because Fox "has not presented a colorable explanation of why he failed to raise these claims previously," which we previously required before applying the interests-of-justice exception. Perry v. State , 731 N.W.2d 143, 147 (Minn. 2007).