CHUTICH, Justice.
In this postconviction proceeding, Jeremy Jackson challenges his conviction for first-degree murder for the benefit of a gang. The postconviction court summarily denied his petition without a hearing, and Jackson appeals. Because the petition was *472 based on claims that were raised and decided in previous proceedings, we affirm.
FACTS
In 2007, a jury found Jackson guilty of twelve counts of murder and attempted murder, including first-degree murder for the benefit of a gang, for drive-by shootings of two victims-one of whom died. We affirmed Jackson's conviction on direct appeal in 2009. State v. Jackson , 770 N.W.2d 470 (Minn. 2009).
On July 22, 2017, Jackson, representing himself, filed his fifth petition for postconviction relief. The postconviction court denied this petition without a hearing, which the postconviction statute permits if the court determines that "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief[.]" Minn. Stat. § 590.04, subd. 1 (2016). Jackson appeals the postconviction court's order denying his petition.
Jackson's current claims center on the evidence presented to the grand jury about the two shootings. The grand jury heard testimony from six lay witnesses with first-hand knowledge of the shootings, the officer who responded to the crime scene, the medical examiner, the lead homicide investigator, and a member of the Minneapolis Police Department's Gang Strike Task Force. The Task Force witness provided general information about Minneapolis street gangs and the culture of gang retaliation, and also testified that Jackson was a confirmed gang member. In this fifth petition, Jackson takes issue with the testimony of the Task Force witness.
Jackson's claims regarding the testimony are not new. In 2007, the grand jury returned a twelve-count indictment against Jackson for murder and attempted murder, including six counts for crimes committed for the benefit of a gang. Jackson's trial counsel sought to dismiss the six gang-related charges in a pretrial motion, arguing that the State presented the grand jury with inadmissible and duplicative expert testimony regarding street gangs. Trial counsel also contended that the properly presented evidence was insufficient to establish probable cause for the "benefit of a gang" charges, and therefore the charges must be dismissed. The district court denied the motion to dismiss, and the case proceeded to trial. After a jury found Jackson guilty as charged, he was sentenced to life without the possibility of release.
Jackson appealed his conviction, arguing that the district court erred when it denied his motion to dismiss the six gang-related charges. In support of his argument, Jackson renewed his assertion that the State presented the grand jury with inadmissible and duplicative expert testimony regarding street gangs. Jackson , 770 N.W.2d at 484-85. We affirmed the denial of Jackson's motion to dismiss the indictment for two reasons. First, no per se bar prevented expert testimony regarding gang-related criminal activity. Id. at 485. Second, the non-expert testimony regarding Jackson's involvement in gang activity and the motivation for the October 2006 shooting was sufficient to establish probable cause for the six gang-related charges. Id.
Between August 2009 and July 2017, Jackson filed four petitions for postconviction relief, all of which were denied by the postconviction court. In his second petition, Jackson alleged that his trial counsel was ineffective for failing to move for a dismissal on the theory that the indictment violated his constitutional rights because it was based on inadmissible and prejudicial expert testimony regarding street gangs.
Minnesota's postconviction statute requires our courts to "liberally construe" postconviction petitions and "look to the substance thereof and waive any irregularities *473 or defects in form." Minn. Stat. § 590.03 (2016). Accordingly, we encourage courts to read the pleadings of pro se litigants "with an understanding eye." Leake v. State , 737 N.W.2d 531, 540 n.3 (Minn. 2007) ; see also Castro v. United States , 540 U.S. 375, 381, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003).
In light of these principles, we read Jackson's petition as asserting two claims. First, Jackson claims that the grand jury indictment setting forth the State's charges against him violated his due process rights because the indictment was based on evidence that was inadmissible and unfairly prejudicial. Second, and relatedly, Jackson claims that his trial counsel provided ineffective assistance for allegedly failing to raise an evidentiary challenge to the indictment before or during trial.[1]
The postconviction court found that Jackson was not entitled to relief because his petition was procedurally barred by the rule articulated in State v. Knaffla , 309 Minn. 246, 243 N.W.2d 737, 741 (1976).[2] In the alternative, the postconviction court concluded that Jackson's petition was barred by the time limits imposed by Minnesota's postconviction statute. See Minn. Stat. § 590.01 subd. 4 (2016). Because we conclude that the postconviction court properly applied the Knaffla rule, we need not reach the question of whether Jackson's claims are also barred by the time limits in Minnesota Statutes Section 590.01.
ANALYSIS
We review the postconviction court's order for an abuse of discretion. Riley v. State , 819 N.W.2d 162, 167 (Minn. 2012). A postconviction court abuses its discretion when it has "exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." Brown v. State , 863 N.W.2d 781, 786 (Minn. 2015). A postconviction court does not abuse its discretion when it summarily denies a petition that is procedurally barred by the Knaffla rule. Colbert v. State , 870 N.W.2d 616, 622 (Minn. 2015).
Under the Knaffla rule, any claim raised on direct appeal, or in a previous postconviction petition, "will not be considered upon a subsequent petition for postconviction relief." Knaffla , 243 N.W.2d at 741 ; see Jones v. State , 671 N.W.2d 743, 746 (Minn. 2003) ; see also Minn. Stat. 590.04, subd. 3 (2016) (stating that a court may summarily deny a second or successive petition for similar relief on behalf of the same petitioner). The claims asserted in Jackson's fifth petition for postconviction relief were raised in a previous proceeding.[3]
In Jackson's direct appeal, he argued that the trial court wrongly denied his motion to dismiss the six gang-related charges because the evidence before the grand jury was "inadmissible and duplicative *474 expert testimony [that] overrode the grand jury['s] ability to independently exercise its judgement resulting in the return of the twelve counts in the indictment." Jackson , 770 N.W.2d at 484. Because he challenged the indictment in his direct appeal on the very same grounds that he now raises in his current petition, this claim is procedurally barred by the Knaffla rule.
Similarly, Jackson's claim that his trial counsel provided constitutionally ineffective assistance was raised in an earlier proceeding. In Jackson's second postconviction petition, he claimed that his trial counsel was ineffective for failing to move for a dismissal or argue for an acquittal on the theory that the indictment violated his constitutional rights because it was based on inadmissible and prejudicial expert testimony regarding street gangs. Because Jackson raised a claim of ineffective assistance of counsel in his second petition for postconviction relief on the very same grounds that he raises in his current petition, this claim is procedurally barred by the Knaffla rule.[4]
Jackson argues that Knaffla is "inapplicable and inappropriate when raising issues related to violations of a person's federal constitutional rights." To support his argument, Jackson cites the following cases: Massaro v. United States , 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (addressing whether an ineffective-assistance-of-counsel claim must be raised in a direct appeal), Murray v. Carrier , 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (addressing whether a previously unraised discovery claim was foreclosed by a procedural default rule), and Streu v. Dormire , 557 F.3d 960 (8th Cir.2009) (addressing whether a limitations period was equitably tolled). These cases do not state that a postconviction petition asserting that the conviction violated the petitioner's federal constitutional rights can never be procedurally barred. Instead, they discuss the application of specific procedural bars to fact patterns that are materially distinguishable from the facts of this case. Moreover, we have repeatedly applied the Knaffla rule "in postconviction proceedings raising constitutional issues of criminal procedure." Lynch v. State , 749 N.W.2d 318, 321 (Minn. 2008) (quoting Schleicher v. State , 718 N.W.2d 440, 445 (Minn. 2006) ).
CONCLUSION
Because Jackson's claims are procedurally barred by the Knaffla rule, we hold that the postconviction court did not abuse its discretion when it summarily denied Jackson's petition for postconviction relief.
Affirmed.

The State, in its brief to this court, addresses each of these claims separately.

The postconviction court construed Jackson's fifth petition for postconviction relief as raising a single claim of ineffective assistance of trial counsel. On appeal, however, Jackson reiterates his challenge to the indictment. Because the State, in its brief to our court, addresses each of the claims in Jackson's petition, we consider them as properly before us on appeal.

Under certain circumstances, the Knaffla rule also bars claims that were not previously raised. See Zornes v. State , 903 N.W.2d 411, 421 (Minn. 2017) (explaining that unraised claims that "should have been known" may be barred). Because the claims at issue here were previously raised, we need not discuss the circumstances under which the Knaffla rule bars unraised claims.

Jackson alleges that he was not able to bring the claims in his petition at an earlier time because he was denied access to the grand jury transcripts until "just recently." This allegation is not supported by the record, especially because Jackson attached the grand jury transcripts as an exhibit to his pretrial motion to dismiss the six gang-related charges. Moreover, because the record plainly shows that trial counsel did challenge the indictment in a pretrial motion to dismiss, the postconviction court did not abuse its discretion when it concluded, in the alternative, that Jackson's claim of ineffective assistance of trial counsel failed on its merits.