LILLEHAUG, Justice.
*105 In 2000, appellant Darren Paul Odell shot and killed his father during an Easter family gathering. After a bifurcated bench trial, Odell was found guilty of first-degree murder and sentenced to life in prison. We affirmed Odell's conviction on direct appeal. In September 2018, Odell petitioned for postconviction relief, which the postconviction court summarily denied. Because the postconviction court did not abuse its discretion, we affirm.
FACTS
On Sunday, April 23, 2000, Odell attended Easter dinner at his great aunt's house in Blaine. After his father arrived, Odell retrieved a 9mm Beretta handgun from his truck and fatally shot his father in the chest three times. An Anoka County grand jury indicted Odell for first-degree murder.
During the months following Odell's arrest, defense counsel complained about Odell's inability to meaningfully participate in his defense due to Odell's declining mental health and worsening symptoms. Defense counsel filed a motion under Minn. R. Crim. P. 20.01 to determine whether Odell was competent to stand trial. The district court ordered a competency examination. Two doctors, including the State's expert witness, examined Odell. Each determined that Odell was not competent to stand trial. After an uncontested competency hearing, the district court agreed that Odell was not competent to stand trial. Odell was then civilly committed to the Minnesota Security Hospital in Saint Peter, where he was treated aggressively with neuroleptic medication.
After a period of hospitalization, Odell was deemed competent to stand trial. He pleaded not guilty by reason of mental illness and waived his right to a jury trial. At the conclusion of the first phase of the bifurcated bench trial, the district court found that the State had proved beyond a reasonable doubt that Odell had committed the crime of first-degree murder. At the end of the second phase, the district court concluded that Odell had failed to sustain his burden to prove the mental illness defense and sentenced him to life in prison. We affirmed Odell's conviction on direct appeal. State v. Odell , 676 N.W.2d 646 (Minn. 2004).
In September 2018, Odell filed a petition for postconviction relief, which the postconviction court summarily denied. Odell appeals.
ANALYSIS
We review a postconviction court's summary denial of postconviction relief for an abuse of discretion. Andersen v. State , 913 N.W.2d 417, 422 (Minn. 2018). A postconviction court abuses its discretion if it "exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." Reed v. State , 925 N.W.2d 11, 18 (Minn. 2019) (citation omitted) (internal quotation marks omitted). "If, taking the facts alleged in the light most favorable to the petitioner, the 'petition and the files and *106 records of the proceeding conclusively show that the petitioner is entitled to no relief,' the postconviction court may dismiss the petition without an evidentiary hearing." Fox v. State , 913 N.W.2d 429, 433 (Minn. 2018) (quoting Minn. Stat. § 590.04, subd. 1 (2018) ).
A petitioner is not entitled to relief and "[n]o hearing is required if a petition is untimely under the postconviction statute of limitations." Bolstad v. State , 878 N.W.2d 493, 496 (Minn. 2016). A petition for postconviction relief is untimely if it is filed more than 2 years after "the entry of judgment of conviction or sentence if no direct appeal is filed" or "an appellate court's disposition of petitioner's direct appeal," whichever is later. Minn. Stat. § 590.01, subd. 4 (2018). The Legislature added this statute of limitations to the postconviction statute, which became effective on August 1, 2005. Act of June 2, 2005, ch. 136, art. 14, § 13, 2005 Minn. Laws 901, 1097-98. A petitioner whose conviction became final before the amendment's August 1, 2005 effective date had two years after that date to timely petition for postconviction relief. Id. at 1098.
Notwithstanding the 2-year limitations period, a postconviction court may hear an untimely petition if the petitioner has alleged facts that, if true, would meet one of the five exceptions to the 2-year statute of limitations. See Minn. Stat. § 590.01, subd. 4(b). An exception must be invoked within 2 years of the date that the claim arises. Id. , subd. 4(c). One such exception is the interests-of-justice exception. Id. , subd. 4(b)(5). A claim under this exception "must relate to an injustice that delayed the filing of the petition, not to the substantive merit of the petition," Hooper v. State , 888 N.W.2d 138, 142 (Minn. 2016), and applies only in "exceptional and extraordinary situations," Carlton v. State , 816 N.W.2d 590, 607 (Minn. 2012) (citations omitted) (internal quotation marks omitted).
Odell's conviction became final 90 days after our March 2004 decision on his direct appeal. See Berkovitz v. State , 826 N.W.2d 203, 207 (Minn. 2013) (stating that a conviction becomes final for purposes of Minn. Stat. § 590.01, subd. 4(a)(2), 90 days after the decision on direct appeal unless a petition for certiorari is filed with the United States Supreme Court). Because his conviction became final before the statute's August 1, 2005 effective date, Odell had the next 2 years to timely petition for postconviction relief. Odell's petition was filed in September 2018-more than 11 years after the 2-year limitations period expired-and is time-barred unless an exception applies.
On appeal, Odell argues that trial counsel was unconstitutionally ineffective and that an expert witness for the State provided unreliable testimony at trial. We address each issue in turn.
I.
Odell raises three claims of ineffective assistance of counsel. First, Odell asserts that trial counsel was ineffective for failing to adequately cross-examine one of the State's physician expert witnesses. Odell points to the interests-of-justice exception under Minn. Stat. § 590.01, subd. 4(b)(5), but does not allege that an injustice occurred that prevented him from timely petitioning for postconviction relief. See Hooper , 888 N.W.2d at 142 (stating that a petitioner's claim under the interests-of-justice exception "must relate to an injustice that delayed the filing of the petition"). Odell's claim is time-barred.
Odell's second claim of ineffective assistance concerns the workload of public defenders. Citing a law review article, Odell argues that trial counsel was unconstitutionally *107 ineffective because, according to the article, public defenders are overworked and delegate too many responsibilities to their law clerks. Odell, who was represented by a team of two public defenders through the entirety of the proceedings, does not provide any facts that would show that his public defenders were so overworked that they were unconstitutionally ineffective in this case. Therefore, this claim is meritless.
Finally, Odell argues that trial counsel was ineffective for failing to call him to testify at the 2001 hearing to determine whether he was competent to stand trial. Here too Odell does not allege that an injustice occurred that prevented him from timely petitioning for postconviction relief. See id. Accordingly, this claim is also time-barred.
II.
Odell next attacks the reliability and credibility of the trial testimony of one of the State's physician expert witnesses. Odell relies on a letter that was published in an advocacy organization's summer 2016 newsletter. The letter, written by a civilly committed patient, expressed the patient's opinion of-and dissatisfaction with-the State's expert, who, according to the patient, was a physician at the institution where that patient was receiving treatment. Essentially, Odell alleges that he has discovered new evidence.
The postconviction statute provides that newly discovered evidence may "not [be used] for impeachment purposes." Minn. Stat. § 590.01, subd. 4(b)(2). But impeachment is the precise purpose for which Odell seeks to use the letter. Thus, Odell's claim fails under the newly-discovered-evidence exception and is time-barred by the 2-year postconviction statute of limitations.
CONCLUSION
For the foregoing reasons, we affirm the postconviction court's summary denial of postconviction relief.
Affirmed.