STATE OF MINNESOTA

IN SUPREME COURT

A25-0182

County of Winona                                                                                    Procaccini, J.

Ricky Darnell Waiters,

          Appellant,

vs.                                                                                                    Filed:  July 30, 2025
                                                                                                    Office of Appellate Courts
State of Minnesota,

          Respondent.

_____

Ricky Darnell Waiters, Rush City, Minnesota, pro se.

Keith Ellison, Attorney General, Saint Paul, Minnesota; and

Karin L. Sonneman, Winona County Attorney, Paul R. Ellison, Assistant County Attorney, Winona, Minnesota, for respondent.

_____

S Y L L A B U S

The district court did not abuse its discretion when it summarily denied appellant's petition for postconviction relief because appellant's claims are time-barred and the facts alleged in the petition fail to establish an exception to the statutory time bar.

Affirmed.

Considered and decided by the court without oral argument.

1

PROCACCINI, Justice.

Appellant Ricky Darnell Waiters appeals from the summary denial of his petition for postconviction relief.  In his current petition for postconviction relief, Waiters seeks reversal of his convictions—including his conviction for first-degree felony murder—and a new trial.  Six days after Waiters filed his current petition, and before respondent State of Minnesota filed a brief in response to the petition, the district court summarily denied the petition.  Waiters appealed.  We reversed the district court's denial of Waiters's petition for postconviction relief and remanded for further proceedings because the record did not disclose the basis for the district court's decision.  *Waiters v. State* (*Waiters II*), 14 N.W.3d 279, 281 (Minn. 2024).  On remand, the district court gave the State an opportunity to file a response to the postconviction petition.  The State argued that Waiters's claims were both procedurally barred and time-barred.  The district court agreed and summarily denied Waiters's petition, setting forth its reasoning in a written order.  Waiters again appealed.

Because we agree that Waiters's petition for postconviction relief is time-barred, we affirm the district court's summary denial of the petition.

**FACTS**

Following a shooting that killed one victim and injured another, a Winona County jury found Waiters guilty of several offenses, including first-degree felony murder and attempted first-degree felony murder.  *State v. Waiters* (*Waiters I*), 929 N.W.2d 895, 899 (Minn. 2019); *see also* Minn. Stat. § 609.185(a)(3) (2022) (felony murder); Minn. Stat. § 609.17 (2024) (attempt crimes).  The district court convicted and sentenced Waiters for

first-degree felony murder and attempted first-degree felony murder. *Waiters I*, 929 N.W.2d at 899. We affirmed his convictions on direct appeal. *Id.* at 902.[1]

Waiters sought postconviction relief on four occasions before his current petition, and the district court denied each of those petitions. *See Waiters II*, 14 N.W.3d at 281–82 (discussing prior postconviction petitions). On November 8, 2023, Waiters filed his current petition, seeking reversal of his convictions or a new trial under Minnesota Statutes section 590.01 (2022). His petition can be characterized as generally raising claims of (1) ineffective assistance of trial and appellate counsel, (2) prosecutorial misconduct, (3) erroneous evidentiary rulings, and (4) insufficient evidence. Along with his petition, Waiters included 12 exhibits to support his claims: five scientific articles; a newspaper article; two photographs; a letter attesting to Waiters's character dated February 13, 1990; a document from the Minnesota Bureau of Criminal Apprehension; the coroner's report for the victim who was killed; and a medical disclosure form and report on the surviving victim.

Six days after Waiters filed his current petition, and before the State responded, the district court summarily denied the petition. Waiters appealed. We reversed the district court's denial of Waiters's petition for postconviction relief and remanded for further proceedings because the record did not "disclose the basis for the district court's decision," and we could not "discern whether the district court considered Waiters's claims." *Waiters II*, 14 N.W.3d at 281.

---

[1]    We described the facts underlying Waiters's convictions in *Waiters I*, 929 N.W.2d at 897–99.

On remand, the district court gave the State an opportunity to file a response to the postconviction petition. In its response, the State argued that Waiters's petition is time-barred under section 590.01, subdivision 4, and procedurally barred under both section 590.01, subdivision 1,[2] and *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976).[3] The State also asserted that Waiters's petition should be summarily denied under Minnesota Statutes section 590.04, subdivision 3 (2024), because the petition raises issues that have previously been decided in appellate proceedings. The district court agreed with the State and issued an order denying Waiters's petition for postconviction relief without a hearing. Waiters again appeals.

## ANALYSIS

Waiters argues that the district court erred by denying his petition without an evidentiary hearing. A district court must hold an evidentiary hearing on a postconviction petition "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2024). Because

---

[2]     Minnesota Statutes section 590.01, subdivision 1, provides that "[a] petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence."

[3]     "Under the *Knaffla* rule, a postconviction claim that was raised, known, or should have been known at the time of the petitioner's direct appeal will not be considered in a subsequent postconviction petition." *Hooper v. State*, 888 N.W.2d 138, 143 (Minn. 2016) (citing *Knaffla*, 243 N.W.2d at 741). When a petitioner did not previously raise a claim, there are two exceptions to the *Knaffla* rule: (1) if the petition presents a novel legal issue or (2) if the interests of justice require review. *Gilbert v. State*, 2 N.W.3d 483, 487 (Minn. 2024). We have yet to decide whether the *Knaffla* rule or its common-law exceptions survived amendments to the postconviction review statute that were made in 2005. *Heard v. State*, 22 N.W.3d 154, 167 n.8 (Minn. 2025); *Sanders v. State*, ___ N.W.3d___, No. A24-1757, 2025 WL 1819723, at *1 n.2 (Minn. July 2, 2025).

4

a petitioner whose claims are time-barred is not entitled to relief, a district court "may summarily deny a petition for postconviction relief when the petition is time barred." *Wayne v. State*, 866 N.W.2d 917, 919 (Minn. 2015) (citation omitted) (internal quotation marks omitted); *see* Minn. Stat. § 590.01, subd. 4. We review a district court's summary denial of a postconviction petition for an abuse of discretion. *Martin v. State*, 969 N.W.2d 361, 363 (Minn. 2022). When we review the summary denial of a postconviction petition, we review the facts alleged in the petition in the light most favorable to the petitioner. *See Fox v. State*, 913 N.W.2d 429, 433 (Minn. 2018).

The State contends that Waiters's petition is conclusively time-barred under Minnesota Statutes section 590.01, subdivision 4. When a petitioner has previously filed a direct appeal, section 590.01, subdivision 4(a)(2), requires the petitioner to file for postconviction relief within two years of the appellate court's disposition of the direct appeal. We issued our decision on Waiters's direct appeal on June 26, 2019, and Waiters filed his current petition for postconviction relief on November 8, 2023. *Waiters I*, 929 N.W.2d at 895. Because Waiters filed his current petition more than two years after we issued our decision in his direct appeal, it is time-barred unless an exception applies.

Waiters appears to raise[4] two exceptions in his petition and brief: the retroactive new-interpretation-of-law exception set forth in section 590.01, subdivision 4(b)(3), and

---

[4]     We liberally construe postconviction petitions. *Fox*, 913 N.W.2d at 433; *see also* Minn. Stat. § 590.03 (2022) (directing courts to "liberally construe" a petition for postconviction relief). Similarly, we read pro se arguments "with an understanding eye." *See Jackson v. State*, 919 N.W.2d 470, 472–73 (Minn. 2018) (citation omitted) (internal quotation marks omitted).

the newly discovered evidence exception set forth in section 590.01, subdivision 4(b)(2).[5]

Below we explain why neither exception saves Waiters's claim from the statutory time bar.

A.

To start, Waiters asserts that his claims are timely because they rely on a new interpretation of law. *See* Minn. Stat. § 590.01, subd. 4(b)(3). A district court may hear an otherwise time-barred postconviction petition if "the petitioner asserts a new interpretation of federal or state constitutional or statutory law by either the United States Supreme Court or a Minnesota appellate court and the petitioner establishes that this interpretation is retroactively applicable to the petitioner's case." *Id.*

Waiters relies on three cases in his attempt to invoke this exception: *State v. Noor*, 964 N.W.2d 424 (Minn. 2021), *State v. Blevins*, 10 N.W.3d 29 (Minn. 2024), and *State v. Dahir*, No. A22-1287, 2023 WL 5198740 (Minn. App. Aug. 14, 2023). As explained below, Waiters's claim based on *Noor* fails because he did not raise it within the required time period, and his claims based on *Blevins* and *Dahir* fail because he did not raise them in district court.

---

[5] To be clear, these exceptions could pertain to only some of Waiters's claims—his claim of insufficient evidence and claims of erroneous evidentiary rulings, which are based on the alleged new interpretations of law and newly discovered evidence. The remaining claims—ineffective assistance of trial and appellate counsel and prosecutorial misconduct—are time-barred, and Waiters does not assert exceptions to the time bar for those claims.

Although we agree with Waiters that our decision in *Noor* announced a new interpretation of law, *see Heard v. State*, 22 N.W.3d 154, 166 (Minn. 2025),[6] that does not end our analysis. "Any petition invoking an exception provided in [subdivision 4(b)] must be filed within two years of the date the claim arises." Minn. Stat. § 590.01, subd. 4(c). A claim arises under this exception "on the date that a court decision announces an interpretation of law that provides the basis for a claim that the petitioner is entitled to relief because the interpretation is a new rule of law that applies retroactively to the petitioner's conviction." *Aili v. State*, 963 N.W.2d 442, 448–49 (Minn. 2021). We issued *Noor* on September 15, 2021. 964 N.W.2d at 424. Waiters filed his petition on November 8, 2023. Because Waiters filed his petition more than two years after we issued our decision in *Noor*, Waiters's claim based on *Noor* is time-barred.[7] *See Aili*, 963 N.W.2d at 448–49; Minn. Stat. § 590.01 subd. 4(c).

---

[6]    In *Heard*, we reasoned that "[b]ecause reasonable jurists believed before our decision in *Noor* that a person could commit the offense of third-degree depraved-mind murder by directing an act toward a particular person, *Noor* announced a new rule when it stated that the required mental state for this offense 'cannot exist when the defendant's conduct is directed with particularity at the person who is killed.'" *Heard*, 22 N.W.3d at 166 (quoting *Noor*, 964 N.W.2d at 438).

[7]    Waiters also does not explain how our decision in *Noor* is "retroactively applicable to [his] case." Minn. Stat. § 590.01, subd. 4(b)(3). Waiters was neither charged with nor convicted of third-degree depraved-mind murder under Minnesota Statutes section 609.195(a) (2024)—the offense at issue in *Noor*. 964 N.W.2d at 429. In any event, because Waiters's claim based on *Noor* is time-barred, we need not address whether *Noor* is otherwise applicable here.

7

Waiters's claims based on *Blevins*[8] and *Dahir*[9] fail for a different reason. " 'It is well settled that a party may not raise issues for the first time on appeal' from denial of postconviction relief." *Schleicher v. State*, 718 N.W.2d 440, 445 (Minn. 2006) (quoting *Azure v. State*, 700 N.W.2d 443, 447 (Minn. 2005)); *see also Powers v. State*, 731 N.W.2d 499, 502 (Minn. 2007) (declining to consider an argument that the postconviction petitioner did not raise before the district court). Because Waiters did not raise his claims based on *Blevins* and *Dahir* before the district court by including them in his postconviction petition, and he asserts these claims for the first time on appeal to this court, they are forfeited for the purposes of this appeal, and we decline to address them further.

B.

Waiters also appears to argue that the exception for "newly discovered evidence" applies to his claims based on various articles about bloodstain analysis, the latest of which was published in June 2021.[10] *See* Minn. Stat. § 590.01, subd. 4(b)(2). We have explained that a petitioner asserting the newly discovered evidence exception must show:

---

[8]    In *Blevins*, we held that a duty to retreat applies when self-defense is claimed for a charge of second-degree assault-fear with a dangerous weapon. 10 N.W.3d at 39.

[9]    In *Dahir*, the appellant challenged the district court's decision to allow the State to present his statements to police through testimony, rather than through the recording of his interview with police, under the best-evidence rule. 2023 WL 5198740, at *3. The court of appeals concluded that the district court did not abuse its discretion by rejecting the appellant's evidentiary challenge. *Dahir*, 2023 WL 5198740, at *3.

[10]    The State notes that Waiters has not specifically claimed that the articles are newly discovered evidence. As explained above, we liberally construe pro se postconviction petitions, *Fox*, 913 N.W.2d at 433, and we read pro se arguments "with an understanding eye," *Jackson*, 919 N.W.2d at 472–73. With these principles in mind, we construe

8

that the evidence (1) is newly discovered; (2) could not have been ascertained by the exercise of due diligence by the petitioner or the petitioner's attorney within the 2-year time-bar for filing a petition; (3) is not cumulative to evidence presented at trial; (4) is not for impeachment purposes; and (5) establishes by the clear and convincing standard that petitioner is innocent of the offenses for which he was convicted.

*Riley v. State*, 819 N.W.2d 162, 168 (Minn. 2012). "All five criteria must be satisfied to obtain relief." *Id.* Waiters asserts that the articles prove that certain expert testimony in his case was false. Waiters does not explain how these articles could exonerate him or why he was unable to obtain this information until now.

Even if we assume that the articles are newly discovered evidence, Waiters's claim based on that evidence fails because he did not bring it within the required time period. "Any petition invoking an exception provided in [subdivision 4(b)] must be filed within two years of the date the claim arises." Minn. Stat. § 590.01, subd. 4(c). "A claim under this exception arises when the petitioner knew or should have known of the evidence." *Evans v. State*, 8 N.W.3d 642, 648 (Minn. 2024) (citation omitted) (internal quotation marks omitted). The information in the articles was known or knowable by Waiters when the articles were published—at the latest, in June 2021. *See id.* at 649–50 (information in news articles that petitioner presented as newly discovered evidence was known or knowable when the articles were published). To the extent that Waiters had a claim based on the articles, that claim arose no later than June 2021. Because Waiters filed his current

_____

Waiters's petition and brief as invoking the newly discovered evidence exception based on the articles.

9

petition in November 2023—more than two years after his claim arose—the claim is time-barred. Minn. Stat. § 590.01, subd. 4(c).[11]

**CONCLUSION**

For the foregoing reasons, we affirm the district court's summary denial of Waiters's petition for postconviction relief.

Affirmed.

---

[11] Because we conclude that Waiters's clams are time-barred under section 590.01, subdivision 4, we need not address the State's alternative arguments that the petition is procedurally barred under section 590.01, subdivision 1, and *Knaffla*, 243 N.W.2d at 741. For the same reason, we need not address the State's argument that the district court's summary denial was appropriate under section 590.04, subdivision 3, which allows for dismissal of a second or successive petition when the petition raises issues previously decided in appellate proceedings.