STATE OF MINNESOTA

IN SUPREME COURT

A16-0323

Hennepin County                                                              Chutich, J.

Derrick Trevor Griffin,

          Appellant,

vs.                                                                              Filed: August 3, 2016
                                                                                 Office of Appellate Courts
State of Minnesota,

          Respondent.

_____

Derrick Trevor Griffin, Rush City, Minnesota, pro se.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant Hennepin County Attorney, Minneapolis, Minnesota, for respondent.

_____

S Y L L A B U S

The postconviction court did not err by denying appellant's claim of ineffective assistance of counsel because the performance of appellant's trial counsel was objectively reasonable.

Affirmed.

Considered and decided by the court without oral argument.

1

O P I N I O N

CHUTICH, Justice.

In 2012, a Hennepin County jury found appellant Derrick Trevor Griffin guilty of two first-degree murder offenses for the shooting death of one victim. *See* Minn. Stat. §§ 609.185(a)(1) (premeditated murder), .185(a)(3) (drive-by shooting) (2014). The district court sentenced Griffin to life imprisonment without the possibility of release on the conviction of first-degree premeditated murder. *See* Minn. Stat. § 609.185(a)(1); Minn. Stat. § 609.106, subd. 2(1) (2014). On direct appeal, we affirmed. *State v. Griffin* (*Griffin I*), 834 N.W.2d 688 (Minn. 2013).

On July 31, 2015, Griffin filed a timely petition for postconviction relief, claiming that he received ineffective assistance of trial and appellate counsel. The postconviction court summarily denied relief, that is, it denied relief without holding a hearing. Griffin now appeals the postconviction court's denial of relief. For the reasons stated below, we affirm.

We review the denial of a petition for postconviction relief for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). A postconviction court abuses its discretion when it has " 'exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings.' " *Brown v. State*, 863 N.W.2d 781, 786 (Minn. 2015) (quoting *Reed v. State*, 793 N.W.2d 725, 729 (2010)). We review the postconviction court's legal conclusions de novo and its findings of fact for clear error. *Greer v. State*, 836 N.W.2d 520, 522 (Minn. 2013). A petition for postconviction relief may be summarily denied if

the petition, the files, and the records of the proceeding conclusively show that the petitioner is entitled to no relief. Minn. Stat. § 590.04, subd. 1 (2014). In determining whether to summarily deny a petition, the postconviction court presumes the facts alleged in the petition to be true. *Bobo v. State*, 820 N.W.2d 511, 517 (Minn. 2012).

Griffin's claims on appeal can be grouped into four categories. First, Griffin alleges that his trial counsel was ineffective for failing to object to the district court's admission of an out-of-court statement made by Griffin's wife, K.G., who identified Griffin near a bar shortly before the murder occurred.

Second, Griffin asserts violations of Minn. Stat. § 609.035 (2014) and the Double Jeopardy Clauses of the United States and Minnesota Constitutions,[1] which protect defendants from multiple prosecutions or multiple sentences for the same offense, *see State v. Chavarria-Cruz*, 839 N.W.2d 515, 520 (Minn. 2013); *State v. Schmidt*, 612 N.W.2d 871, 876 (Minn. 2000). He further argues that his trial counsel was ineffective for failing to raise those alleged violations.

---

[1] The Double Jeopardy Clauses of the United States Constitution and the Minnesota Constitution provide that no person shall "be twice put in jeopardy" of punishment for the same offense. U.S. Const. amend. V; Minn. Const. art. I, § 7. Similarly, under section 609.035, subdivision 1, "if a person's conduct constitutes more than one offense . . . the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them." Section 609.035 " 'broaden[s] the protection afforded by our constitutional provisions against double jeopardy.' " *State v. Schmidt*, 612 N.W.2d 871, 876 (Minn. 2000) (quoting *State v. Johnson*, 273 Minn. 394, 400, 141 N.W.2d 517, 521 (1966)).

Third, Griffin contends that his two first-degree murder convictions, for the murder of one victim, violate Minn. Stat. § 609.04 (2014).[2] *See State v. Fort*, 768 N.W.2d 335, 344 (Minn. 2009); *State v. Johnson*, 616 N.W.2d 720, 730 (Minn. 2000). He further argues that his trial counsel was ineffective for failing to raise this alleged violation.

Fourth, Griffin asserts that his appellate counsel was ineffective for failing to raise an ineffective-assistance-of-trial-counsel claim on direct appeal. But to establish that appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel, "the appellant must first show that trial counsel was ineffective." *Fields v. State*, 733 N.W.2d 465, 468 (Minn. 2007); *see Sullivan v. State*, 585 N.W.2d 782, 784 (Minn. 1998) ("Sullivan's ineffective assistance of appellate counsel claim is predicated on the underlying claim against his trial counsel. If he cannot establish a claim of ineffective assistance of trial counsel, his appellate counsel claim automatically fails."). Accordingly, if Griffin cannot establish that his trial counsel was ineffective, his claim that appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel necessarily fails.

Griffin's claim that his two first-degree murder convictions violate section 609.04 and that his trial counsel was ineffective for failing to raise this alleged violation was not

---

[2] Under section 609.04, a defendant "may be convicted of either the crime charged or an included offense, but not both," and a "conviction or acquittal of a crime is a bar to further prosecution of any included offense, or other degree of the same crime." This statute "prevents multiple convictions based on the same conduct committed against the same victim." *State v. Johnson*, 616 N.W.2d 720, 730 (Minn. 2000).

raised in his petition for postconviction relief. Nor did the postconviction court consider Griffin's arguments regarding this claim. Consequently, these arguments are not properly before us, and we decline to review them. *Brocks v. State*, 753 N.W.2d 672, 676 (Minn. 2008) ("Brocks did not raise this issue in his [postconviction] petition . . . therefore, the postconviction court did not consider it. It is well settled that claims raised for the first time on appeal 'are forfeited for purposes of the appeal.' " (quoting *Schleicher v. State*, 718 N.W.2d 440, 445 (Minn. 2006))).

Given the above, our analysis of the ineffective-trial-counsel claims addresses only Griffin's claims that (1) his trial counsel was ineffective for failing to object to the admission of K.G.'s out-of-court statement and (2) his convictions violate section 609.035 and the Double Jeopardy Clauses, and that his trial counsel was ineffective for failing to raise those alleged violations.[3] Before turning to the merits, however, we address the State's assertion that petitioner's claims are procedurally barred by the rule announced in *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).

Under the *Knaffla* rule, if a postconviction claim was raised, known, or should have been known when a direct appeal was filed, that claim is procedurally barred and will not be considered in a later petition for postconviction relief. *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007) (citing *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741). An unraised claim is not *Knaffla*-barred, however, "if (1) the claim is novel or (2) the

---

[3] We address Griffin's claim of double punishment under section 609.035 and the Double Jeopardy Clauses, even though it was not raised before the postconviction court. *See State v. White*, 300 Minn. 99, 106, 219 N.W.2d 89, 93 (1974) ("[T]he prohibition against double punishment cannot be waived . . . ." (citing Minn. Stat. § 609.035)).

interests of fairness and justice warrant relief." *Andersen v. State*, 830 N.W.2d 1, 8 (Minn. 2013).

Whether these exceptions to *Knaffla*, including the interests-of-justice exception, are still available after enactment of section 590.01, subdivision 1 (2014), is an open question. As we have explained:

> In 2005, the Legislature amended section 590.01, subdivision 1, to provide that "[a] petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence." . . . Based upon the 2005 amendments to the statute, it is unclear whether the *Knaffla* exceptions remain applicable to petitions for postconviction relief. Because that issue has not been raised by the State, we decline to reach it.

*Andersen*, 830 N.W.2d at 8 n.3 (citations omitted).

Even assuming that the interests-of-justice exception remains applicable to this petition, however, a viable claim "must have substantive merit and must be asserted without deliberate or inexcusable delay." *Id.* at 8. Griffin contends, and the postconviction court concluded, that the interests-of-justice exception applies to overcome the *Knaffla* rule regarding Griffin's ineffective-assistance-of-counsel claims because Griffin's appellate counsel (on his direct appeal in *Griffin I*) and trial counsel were the same person.

In so ruling, the postconviction court relied on a decision by the court of appeals, *Jama v. State*, 756 N.W.2d 107 (Minn. App. 2008). In *Jama*, the court of appeals stated:

> [N]o Minnesota cases have squarely considered whether the *Knaffla* bar applies when the same attorney represented the petitioner at trial and on direct appeal. . . . [C]onsiderations of fairness are implicated. Counsel may have an inherent conflict of interest because counsel cannot be expected to allege his or her own incompetence as an aspect of appellate representation.

For this reason, a petitioner's failure to raise an ineffective-assistance-of-trial-counsel claim on direct appeal cannot be considered inexcusable. Courts in other jurisdictions have reached this conclusion . . . . In sum, in these settings . . . failure to raise claims of ineffective assistance of trial counsel is presumptively neither deliberate nor inexcusable and that, in fairness, further review should not be barred.

*Id.* at 112 (citations omitted).

We have not yet addressed whether the *Knaffla* interests-of-justice exception applies when trial counsel and appellate counsel are the same person. We need not decide this question here, however, because even if we assume that the *Knaffla* interests-of-justice exception applies and that Griffin satisfies it, his underlying ineffective-assistance claims lack merit, as shown below.

Griffin argues that his trial counsel should have objected to the district court's admission of an out-of-court statement by his wife, K.G.[4] Under *Strickland*, a claim of ineffective assistance of counsel is established if " 'counsel's representation fell below an objective standard of reasonableness' " and " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Fields*, 733 N.W.2d at 468 (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)).

---

[4]     While K.G. was leaving a bar with friends, including the murder victim with whom K.G. had an extramarital relationship, she saw a white Cadillac outside and said, "Look at my husband over there, stalking me again." *Griffin I*, 834 N.W.2d at 689-90. Additional facts and analysis underlying this hearsay claim are not repeated here, as they are provided in our decision on Griffin's direct appeal. *Id.* at 690-95.

7

Because the application of the *Strickland* test involves a mixed question of law and fact, our standard of review is de novo. *State v. Rhodes*, 657 N.W.2d 823, 842 (Minn. 2003); *see Strickland*, 466 U.S. at 698. There is a "strong presumption" that counsel's performance was objectively reasonable. *King v. State*, 562 N.W.2d 791, 795 (Minn. 1997).

Applying these principles here, we conclude that the lack of an objection by Griffin's trial counsel was objectively reasonable. We held on Griffin's direct appeal that the district court's admission of K.G.'s out-of-court statement was not an abuse of discretion under the applicable evidentiary rule. *Griffin I*, 834 N.W.2d at 695 ("Given that the [district] court applied the correct legal test and based on its overall analysis of the relevant factors under [Minn. R. Evid.] 807, we hold that the [district] court did not abuse its discretion in admitting the statement."). An attorney's failure to make an objection that would have been properly denied is not objectively unreasonable under the *Strickland* test. *See State v. Rainer*, 502 N.W.2d 784, 789 (Minn. 1993); *State v. Tahash*, 275 Minn. 242, 244-45, 146 N.W.2d 174, 176 (1966).

Similarly, Griffin's claim that his convictions violate section 609.035 and the Double Jeopardy Clauses lacks merit. Our careful review of the record shows that section 609.035 and the Double Jeopardy Clauses are not applicable because Griffin was subject to only one prosecution and received only one sentence. *See Chavarria-Cruz*, 839 N.W.2d at 520; *Schmidt*, 612 N.W.2d at 876-78. Therefore, Griffin is not entitled to relief on this ground. And his contention that his trial counsel was ineffective for failing to raise these alleged violations accordingly fails.

Finally, Griffin's claim of ineffective assistance of appellate counsel is predicated on his underlying claims against his trial counsel. Because he cannot establish that his trial counsel was ineffective, his claim that appellate counsel was ineffective necessarily fails.

Affirmed.