STATE OF MINNESOTA

IN SUPREME COURT

A21-1560

Court of Appeals                                                Moore, III, J.
                                                  Took no part, Procaccini, J.

Larry Jonnell Gilbert,

           Appellant,

vs.                                                      Filed:  January 17, 2024
                                                   Office of Appellate Courts
State of Minnesota,

           Respondent.

_____

Cathryn Middlebrook, Chief Appellate Public Defender, Saint Paul, Minnesota; and

Mark Nyvold, Special Assistant Public Defender, Fridley, Minnesota, for appellant.

Keith Ellison, Attorney General, Saint Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Adam E. Petras, Assistant County Attorney, Minneapolis, Minnesota, for respondent.

James R. Mayer, Anna McGinn, The Great North Innocence Project, Minneapolis, Minnesota, for amici curiae The Great North Innocence Project and Innocence Project, Inc.

_____

S Y L L A B U S

1.     When the State has properly raised the procedural bar from the rule announced in *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976), as a defense to a petition for postconviction relief, a district court abuses its discretion by granting the petition

1

without explicitly determining whether the claim is procedurally barred and offering a sufficient explanation to support a determination that the claim is not procedurally barred.

2.      The postconviction petitioner's claim alleging false trial testimony from the State's expert is procedurally barred under the *Knaffla* rule.

Affirmed.

O P I N I O N

MOORE, III, Justice.

This case requires us to assess what record, if any, the district court must make in determining whether a postconviction claim is procedurally barred under the rule announced in *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976), before granting relief. Larry Jonnell Gilbert was convicted of possession of a firearm by an ineligible person, in violation of Minn. Stat. § 624.713, subd. 1(2) (2022).  After the court of appeals affirmed his conviction on direct appeal, Gilbert filed a motion for postconviction relief alleging that the State's DNA expert testified falsely at trial.  In response to the motion, the State of Minnesota argued that Gilbert's claim was procedurally barred under *Knaffla* because the basis for the false testimony claim was known at the time of direct appeal and was not raised at that time.  The district court, without addressing the *Knaffla* rule, granted Gilbert a new trial.  The State appealed, and the court of appeals reversed.  *Gilbert v. State*, 982 N.W.2d 763, 772 (Minn. App. 2022).  We granted Gilbert's petition for review.

We hold that the district court abused its discretion by not explicitly determining whether Gilbert's claim was procedurally barred under *Knaffla* before granting

2

postconviction relief. Because Gilbert's claim is procedurally barred under *Knaffla*, we affirm the decision of the court of appeals, but on different grounds.

## FACTS

After the police found a handgun in the trunk of Gilbert's car, the State charged Gilbert with possession of a firearm by an ineligible person. *See* Minn. Stat. § 624.713 subd. 1(2). DNA analysis of a swab taken from the handgun showed that the major DNA profile on the handgun matched Gilbert's DNA sample.[1] At trial, Gilbert presented an alternative perpetrator defense, arguing that the handgun belonged to another passenger in the car, and Gilbert's DNA was transferred onto the handgun through indirect contact.

The State called a forensic scientist with the Bureau of Criminal Apprehension (BCA) to testify, who performed the DNA analysis on the swab from the handgun found in Gilbert's car ("DNA expert"). The State questioned her about the possibility of DNA transfer through indirect contact. She testified that she had seen cases of DNA transfer in her experience, education, and training, and that "[i]t's usually a transfer from something that has a good amount of DNA there. So, like, blood or saliva, something that has very— a very good source of DNA to begin with." The DNA expert then testified:

> If there is not blood or some sort of DNA-rich sample that we're talking about transferring to another item, I would expect there to be a low amount of DNA that would get transferred and would result in showing up in the minor types, if there is a mixture. I wouldn't expect this low amount of DNA to transfer and end up being a major profile.

Gilbert did not call a defense expert. The jury found Gilbert guilty as charged.

---

[1] A major profile is generated through DNA analysis of the person who contributed more DNA than other individuals in a DNA mixture.

After appellate counsel was appointed but before an appeal had been filed, Gilbert's trial counsel informed his appellate counsel of the issue of potentially false trial testimony from the DNA expert regarding DNA transfer. At that time, trial counsel did not have an expert report or other documentation showing that the testimony was false. Trial counsel asked appellate counsel to raise the issue on appeal, but the issue was not raised. The court of appeals affirmed Gilbert's conviction, and we denied further review. *State v. Gilbert*, No. A20-0530, 2021 WL 668011, at *5 (Minn. App. Feb. 22, 2021), *rev. denied* (Minn. May 18, 2021).

On March 17, 2021, Gilbert filed a motion for postconviction relief, requesting a new trial based on alleged false trial testimony by the State's DNA expert. In support of his motion, Gilbert submitted an affidavit from an attorney in the Fourth Judicial District Public Defender Office, the same office where his trial attorney worked. The attorney's affidavit alleged that the required reading list for BCA trainees included a 2015 study on secondary DNA transfer.[2] The affidavit stated that this study found that DNA transferred to an object through indirect contact can result in a major DNA profile, and therefore, the DNA expert's trial testimony to the contrary was "incorrect, misleading, highly prejudicial, and not supported by science."

In its response to Gilbert's motion, the State argued that the claim was procedurally barred under *State v. Knaffla*, 243 N.W.2d at 741, because the basis for the false testimony claim was known at the time of the direct appeal but was not raised. In response, Gilbert

---

[2]     Cynthia M. Cale et al., *Could Secondary DNA Transfer Falsely Place Someone at the Scene of a Crime?*, 61 J. Forensic Sci. 196 (2016) (first published Sept. 1, 2015).

filed an informal "Letter Response" stating appellate counsel's failure to raise the issue was "either because [appellate counsel's representation] was ineffective assistance of counsel, or because without [an expert affidavit and documentation], the issue was not yet ripe and only available as post-conviction relief." The district court granted an evidentiary hearing.

Following an evidentiary hearing, the district court granted Gilbert a new trial. The district court, applying the *Larrison* test for claims of newly discovered evidence of falsified trial testimony, determined that the DNA expert's trial testimony was false and that this false testimony was "material to the jury's determination of guilt."[3] *See Larrison v. United States*, 24 F.2d 82, 87–88 (7th Cir. 1928), *overruled by United States v. Mitrione*, 357 F.3d 712, 718 (7th Cir. 2004), *vacated on other grounds*, 543 U.S. 1097 (2005). The district court did not discuss the State's *Knaffla* argument.

In a precedential opinion, the court of appeals reversed. *Gilbert*, 982 N.W.2d at 772. The court of appeals concluded that the district court abused its discretion by not expressly determining whether Gilbert's claim was procedurally barred under the *Knaffla* rule, despite the State's assertion before the district court that the bar applied. *Id.* at 769. The court of appeals also determined that remand to the district court for consideration of the *Knaffla* rule was unnecessary because Gilbert's claim alleging false trial testimony by the State's DNA expert failed on the merits. *Id.* at 769.

---

[3]     Although *Larrison* was overruled in *Mitrione*, "Minnesota courts continue to apply the *Larrison* test in cases involving witness-recantation and false-testimony claims." *Campbell v. State*, 916 N.W.2d 502, 506 n.2 (Minn. 2018).

We granted Gilbert's petition for review.

## ANALYSIS

We review a district court's decision to grant a new trial in a postconviction proceeding for abuse of discretion. *State v. Hurd*, 763 N.W.2d 17, 34 (Minn. 2009); *Fox v. State*, 913 N.W.2d 429, 433 (Minn. 2018). An abuse of discretion occurs if a district court "exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." *Reed v. State*, 793 N.W.2d 725, 729 (Minn. 2010).

### I.

We begin by considering the district court's failure to address the State's argument that Gilbert's claim was procedurally barred. In *State v. Knaffla*, we held that "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." 243 N.W.2d at 741. For an unraised claim, there are two exceptions to the *Knaffla* procedural bar: (1) if a novel legal issue is presented; or (2) if the interests of justice require review. *Griffin v. State*, 883 N.W.2d 282, 286 (Minn. 2016).

We have not addressed what record, if any, the district court must make in determining whether a claim is procedurally barred under *Knaffla* before granting postconviction relief. The State contends that although the district court had the discretion to apply an exception to the *Knaffla* rule, it was required to first apply the *Knaffla* procedural bar to Gilbert's claim. *See Griffin*, 883 N.W.2d at 286 (noting that a procedurally barred claim *will not* be considered in a subsequent proceeding).

6

Accordingly, the State argues the district court abused its discretion because it did not address *Knaffla* in its order granting postconviction relief. Gilbert argues that there is sufficient evidence in the record to support a conclusion that his claim was not barred under *Knaffla* and that, even assuming the claim was barred, the interests-of-justice exception to the *Knaffla* rule applied.

In this case, the district court made no express determination that Gilbert's claim was not procedurally barred under *Knaffla* before granting Gilbert's motion for postconviction relief. The district court provided no analysis or discussion of the State's *Knaffla* argument. A district court that fails to address a properly raised *Knaffla* argument—an argument that would dispose of the case, if correct—is exercising its discretion in an "arbitrary or capricious manner."[4] *Reed*, 793 N.W.2d at 729. As a matter of procedural fairness, a district court should address a potentially dispositive issue fairly raised by an ultimately non-prevailing party before ruling against them on other grounds.

Gilbert asserts that, by granting postconviction relief, the district court *necessarily and implicitly* determined that his claim was not procedurally barred under *Knaffla* and that, assuming the claim was procedurally barred, fairness required review under the interests-of-justice exception to the *Knaffla* rule. We disagree. We decline to assume a

---

[4] While not dispositive, the court of appeals has similarly held that a district court's failure to exercise discretion constitutes an abuse of discretion. *See State v. DeLaCruz*, 884 N.W.2d 878, 888 (Minn. App. 2016) (citing *State v. Curtiss*, 353 N.W.2d 262, 264 (Minn. App. 1984)); *State v. Mendoza*, 638 N.W.2d 480, 484 (Minn. App. 2002), *rev. denied* (Minn. Apr. 16, 2002).

district court's conclusion about a dispositive procedural issue when the district court offers no reasoning that could support such an implied determination.

Rather, we hold that, where the State has properly asserted the *Knaffla* rule, a district court abuses its discretion when it fails to make an explicit determination that a claim is not procedurally barred under *Knaffla* and fails to provide a sufficient explanation supporting such a determination before granting the petitioner postconviction relief. Applying that rule to the facts here, we conclude the district court abused its discretion when it granted Gilbert postconviction relief without expressly deciding his claim was not procedurally barred under *Knaffla.*

## II.

Having concluded the district court abused its discretion by not addressing the *Knaffla* rule, we are next presented with whether Gilbert's claim that the State's DNA expert gave false trial testimony is procedurally barred. Under the *Knaffla* rule, all claims that were known at the time of the direct appeal, but were not raised, will not be considered in a subsequent petition for postconviction relief. 243 N.W.2d at 741.

Gilbert argues that his false testimony claim is not barred under *Knaffla* because it was not known at the time of his direct appeal. According to Gilbert, his claim was not known until his postconviction counsel obtained the affidavit from the district public defender on March 16, 2021—nearly a month after the court of appeals decision in Gilbert's direct appeal. Gilbert also asserts that appellate counsel could not have known or have been reasonably expected to know of the science behind transfer DNA without this affidavit.

8

In response, the State argues that Gilbert was aware of the substance of the DNA expert's trial testimony, including that it was allegedly false, at the time of the direct appeal and that appellate counsel made a deliberate choice not to raise a claim based on that testimony. And the State asserts that the scientific theories underlying the affidavit existed before the direct appeal. We agree.

Gilbert's claim is based on allegedly false trial testimony by the State's DNA expert. Gilbert's trial counsel alerted his appellate counsel to this witness's potential false trial testimony before Gilbert filed his direct appeal, and appellate counsel chose not to investigate or raise the issue at that time. Furthermore, Gilbert's postconviction motion was supported by an affidavit that cited a scientific study from 2015, available 4–5 years before Gilbert's direct appeal. The basis for Gilbert's claim was known or should have been known at the time of his direct appeal and could have been raised in a postconviction proceeding associated with the direct appeal. *See Gustafson v. State*, 754 N.W.2d 343, 349 (Minn. 2008) (finding claim that police officer testified falsely barred by *Knaffla* when attorneys knew substance of officer's testimony before trial, had access to witness that would have proved falsity of that testimony before trial, and could have investigated issue). We therefore conclude that Gilbert's postconviction claim is procedurally barred under *Knaffla*.

We next address whether Gilbert's claim may still be heard under the interests-of-justice exception to the *Knaffla* rule.[5] To qualify under the interests-of-justice exception,

---

[5] Gilbert does not raise the "novel legal theory" exception to the *Knaffla* rule. *See Griffin*, 883 N.W.2d at 286 (noting that for an unraised claim there are two exceptions to

9

a petition for postconviction relief must have substantive merit and petitioner must not have deliberately and inexcusably delayed in bringing the claim. *Wright v. State*, 765 N.W.2d 85, 90 (Minn. 2009). The petitioner has the burden of demonstrating that the exception to the *Knaffla* rule applies. *See Sanders v. State*, 628 N.W.2d 597, 600–01 (Minn. 2001) ("[T]he claim is procedurally barred unless [petitioner] can show why fairness requires its consideration.").

Gilbert argues that the interests-of-justice exception applies to his claim because counsel could not have been reasonably expected to know the science underlying secondary DNA transfer. Gilbert also asserts the scientific support for his false testimony claim was promptly obtained so that it could be addressed in a postconviction action immediately after the direct appeal concluded. Gilbert contends that he effectively asserted the interests-of-justice exception in the district court when his former counsel filed the "Letter Response" to the State's answer to the postconviction motion.

The State disagrees. The State argues that Gilbert did not explicitly raise the interests-of-justice exception in the district court and has forfeited consideration of the exception. In addition, the State argues Gilbert cannot satisfy the second prong of the exception because appellate counsel was aware of the potential false testimony claim and chose not to raise the claim at the time of the direct appeal.

---

the *Knaffla* procedural bar, including that the claim presents a novel legal issue). Therefore, we only consider whether the interests of justice require review of Gilbert's claim.

10

Assuming, without deciding, that Gilbert properly invoked the interests-of-justice exception to the *Knaffla* rule in the district court, we conclude that Gilbert has not met the requirements of the exception. The scientific basis for Gilbert's false testimony claim—a study from 2015 referenced in a preexisting BCA training manual—was discoverable at the time the direct appeal was filed. The district public defender who provided the affidavit in support of Gilbert's motion for postconviction relief worked in the same office as Gilbert's trial counsel and was working there at the time of Gilbert's direct appeal. Gilbert's appellate counsel was aware of the issue of potential false testimony and chose not to raise the issue, although counsel could have with reasonable due diligence investigated and brought such a claim in a postconviction proceeding filed in connection with his direct appeal. Gilbert has not shown extenuating or unforeseen circumstances that make his failure to bring this claim at an earlier stage excusable.

As a result, Gilbert has failed to prove that he did not deliberately or inexcusably fail to bring the claim at an earlier stage. *See, e.g.*, *Perry v. State*, 731 N.W.2d 143, 147 (Minn. 2007) (finding the interests-of-justice exception to the *Knaffla* rule was not met when petitioner failed to provide a colorable explanation of why claims were not raised previously); *Wright*, 765 N.W.2d at 90 (same). We thus hold that the interests of justice do not require review of Gilbert's postconviction claim.[6]

---

[6] Before oral argument, the State filed a letter citing supplemental authorities under Minnesota Rule of Civil Appellate Procedure 128.05. The State's letter cites four scientific articles regarding secondary DNA transfer. Gilbert moved to strike, arguing that Rule 128.05 pertains solely to submitting supplemental legal authorities and cannot be used to submit scientific articles relating to factual issues. Because we resolve the case without addressing the merits of the secondary DNA transfer issue, we decline to decide the motion

11

Because we determine that Gilbert's postconviction claim is procedurally barred under *State v. Knaffla*, 243 N.W.2d at 741, we express no opinion on the merits of Gilbert's claim about alleged false expert testimony.

**CONCLUSION**

For the foregoing reasons, we affirm the decision of the court of appeals, but on different grounds.

Affirmed.

PROCACCINI, J., not having been a member of the court at the time of submission, took no part in the consideration or decision of this case.

---

to strike because the disputed supplemental authority does not relate to the issue on which we resolve this case. *See Zenith/Kremer Waste Sys., Inc. v. W. Lake Superior Sanitary Dist.*, 572 N.W.2d 300, 301 n.1 (Minn. 1997) (declining to address or decide motion to strike when court did not consider objected-to materials in reaching its decision).