*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1245**

Malachi Henessey Rodriguez, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 1, 2024
Affirmed
Larkin, Judge**

Brown County District Court
File No. 08-CR-20-665

Malachi Henessey Rodriguez, Moose Lake, Minnesota (pro se appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Charles W. Hanson, Brown County Attorney, Paul J. Gunderson, Assistant County
Attorney, New Ulm, Minnesota (for respondent)

Considered and decided by Larkin, Presiding Judge; Ross, Judge; and Bjorkman, Judge.

**NONPRECEDENTIAL OPINION**

**LARKIN**, Judge

Appellant challenges the summary denial of his petition for postconviction relief, arguing that the postconviction court erred by concluding that his claims of ineffective assistance of trial and appellate counsel lacked merit. We affirm.

## FACTS

Respondent State of Minnesota charged appellant Malachi Henessey Rodriguez with criminal sexual conduct, alleging that he had sexually penetrated the victim without her consent.

At trial, the victim's shorts were received into evidence. An investigator described the shorts as white with pink hearts, but the victim later described them as white with pink flowers. The Bureau of Criminal Apprehension found seminal fluid on the shorts. Neither Rodriguez nor his paternally related male relatives could be excluded as the contributor of a DNA profile obtained from the seminal fluid. The defense proceeded under the theory that the sexual penetration was consensual, and Rodriguez testified consistent with that theory.

The jury found Rodriguez guilty of all three crimes. The district court sentenced Rodriguez to 48 months in prison. Rodriguez challenged his convictions on direct appeal. *State v. Rodriguez*, No. A21-1171, 2022 WL 2912033, at \*1 (Minn. App. July 25, 2022), *rev. denied* (Minn. Sept. 20, 2022). We affirmed the convictions, and the supreme court denied review. *Id.*

In May 2023, Rodriguez petitioned for postconviction relief. He claimed that he received ineffective assistance of counsel. He alleged that his trial counsel (1) forced him to perjure himself by "writing up a script" for his trial testimony, (2) failed to present favorable evidence, (3) failed to have evidence tested by a DNA expert, (4) failed to question law enforcement about delayed DNA testing, (5) failed to review the entire recording of a statement from the victim, (6) failed to sufficiently investigate the case, and

2

(7) failed to "stop the trial" when the victim's shorts were inconsistently described as having pink hearts and pink flowers. Rodriguez also claimed that his appellate attorney was ineffective because that attorney failed to raise the issue of ineffective assistance of trial counsel. Rodriguez requested a hearing on his petition.

The postconviction court summarily denied Rodriguez's petition. The court concluded that Rodriguez's claim of ineffective assistance of trial counsel was known at the time of direct appeal and was therefore procedurally barred. But the postconviction court also addressed the merits of that claim and concluded that it did not provide a basis for relief. The court further determined that because Rodriguez's trial counsel was not ineffective, his claim of ineffective assistance of appellate counsel also failed.

Rodriguez appeals.

## DECISION

Under Minnesota's postconviction statutes, a person convicted of a crime may seek relief based on a claim that the conviction "violated the person's rights under the Constitution or laws of the United States or of the state." Minn. Stat. § 590.01, subd. 1(1) (2022). "The person seeking postconviction relief bears the burden of establishing by a preponderance of the evidence that his claims merit relief." *Crow v. State*, 923 N.W.2d 2, 10 (Minn. 2019). An evidentiary hearing on a postconviction petition must be held unless "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2022). In deciding whether to hold a hearing, "a postconviction court considers the facts alleged in the petition as true and construes them in the light most favorable to the petitioner." *Andersen v. State*,

913 N.W.2d 417, 422-23 (Minn. 2018) (quotation omitted). However, allegations in a postconviction petition must be "more than argumentative assertions without factual support." *State v. Caldwell*, 803 N.W.2d 373, 388 (Minn. 2011) (quotation omitted).

We review the denial of a postconviction petition and request for an evidentiary hearing for an abuse of discretion. *Colbert v. State*, 870 N.W.2d 616, 621 (Minn. 2015). In doing so, we review legal issues de novo and factual findings for clear error. *Id.* The postconviction court "abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013) (quotation omitted).

## I.

Rodriguez contends that the postconviction court erred in determining that his claim of ineffective assistance of trial counsel was procedurally barred. If a "direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). "Under the *Knaffla* rule, if a postconviction claim was raised, known, or should have been known when a direct appeal was filed, that claim is procedurally barred and will not be considered in a later petition for postconviction relief." *Griffin v. State*, 883 N.W.2d 282, 286 (Minn. 2016).

Whether the postconviction court correctly determined that Rodriguez's claim of ineffective assistance of trial counsel was barred under *Knaffla* is immaterial because the court also considered and rejected that claim on the merits. We therefore review the postconviction court's decision regarding the merits of that claim.

4

Whether a defendant received ineffective assistance of counsel involves a mixed question of law and fact, and we review a postconviction court's decision on the issue de novo. *Dereje v. State*, 837 N.W.2d 714, 721 (Minn. 2013). We generally analyze ineffective-assistance-of-counsel claims under *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* To prevail under *Strickland*, a defendant "must show that counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 687-88, 694; *see also State v. Rhodes*, 657 N.W.2d 823, 842 (Minn. 2003) (applying *Strickland* to a claim of ineffective assistance of counsel). We apply "a strong presumption that [an attorney's] performance falls within the wide range of 'reasonable professional assistance.'" *State v. Jones*, 392 N.W.2d 224, 236 (Minn. 1986). We need not analyze both parts of the *Strickland* test if either one is determinative. *Leake v. State*, 767 N.W.2d 5, 10 (Minn. 2009).

Rodriguez asserts that his trial attorney encouraged him to perjure himself by providing a script for his trial testimony. In an affidavit, Rodriguez alleged that his trial counsel had him memorize the script, in which he admitted having sexual intercourse with the victim. He also alleged that the script was a "lie" because Rodriguez "did not have sex with the alleged victim." The postconviction court noted that Rodriguez swore an oath to tell the truth at trial, which "superseded any alleged advice from counsel to lie," and that Rodriguez therefore was not prejudiced by the script.

In *Anderson v. State*, a defendant argued that her lawyer acted ineffectively by advising her to lie and admit guilt as part of a plea. 746 N.W.2d 901, 907 (Minn. App.

2008), *overruled on other grounds by Wheeler v. State*, 909 N.W.2d 558 (Minn. 2018). We found the argument unavailing because the district court's instruction and its administration of the oath "to tell the truth at her plea hearing superseded any defective advice by her trial attorney that she lie about her guilt." *Id.* Because Rodriguez was duly sworn prior to testifying, he was required to tell the truth, and he therefore fails to show prejudice stemming from the alleged script. *See id.* ("The alleged advice to lie under oath should be rejected by even the least enlightened defendant in the face of [the] fundamental duty to tell the truth under oath . . . .").

As to prejudice, Rodriguez argues that he would have been acquitted if he had not admitted to consensual sexual relations and had instead denied having intercourse with the victim. He claims that there was "no evidence" to show that intercourse occurred. But Rodriguez ignores the victim's incriminating trial testimony and the DNA evidence linking him to the crime. In sum, Rodriguez fails to show that he is entitled to relief under the prejudice prong of the *Strickland* test.

Rodriguez also asserts that his trial counsel failed to present favorable evidence; failed to have the victim's shorts tested by a defense DNA expert; failed to question law enforcement about delayed DNA testing; and failed to sufficiently investigate the case. "The presentation of evidence is a matter of trial strategy, and we will not review attacks on trial strategy." *Dobbins v. State*, 788 N.W.2d 719, 731 (Minn. 2010). "[W]hat evidence to present and which witnesses to call at trial are tactical decisions properly left to the discretion of trial counsel." *Staunton v. State*, 784 N.W.2d 289, 302 (Minn. 2010) (quotation omitted).

6

Rodriguez's complaints regarding his attorney's performance regard trial strategy, which generally is not subject to judicial review. Given trial counsel's discretion regarding trial strategy, Rodriguez fails to show that his trial attorney performed unreasonably. Again, trial counsel's performance is presumed reasonable. *Schneider v. State*, 725 N.W.2d 516, 521 (Minn. 2007).

Rodriguez further asserts that his trial attorney failed to review a recording of the victim's statement. The postconviction court determined that "even assuming counsel did not listen to the entire recording, [Rodriguez] has not shown what impact this had on the trial." Because Rodriguez has not shown how his attorney's alleged failure to listen to the entire recording affected the outcome of his trial, he has not satisfied the second prong of the *Strickland* test.

Lastly, Rodriguez asserts that his trial attorney should have stopped the trial because witnesses described the victim's shorts inconsistently at trial. The postconviction court stated, "Not making a big deal about the minor discrepancy between the descriptions of the shorts [the victim] wore was not an unreasonable decision; focusing on the chosen defense and not getting sidetracked on issues unlikely to make a difference is a reasonable trial tactic." Indeed, the minor discrepancy was inconsequential, and trial counsel's failure to stop the trial can only be described as a matter of unreviewable trial strategy.

On this record, Rodriguez's claim of ineffective assistance of trial counsel is without merit, and the postconviction court did not err by rejecting it.

## II.

Rodriguez contends that the postconviction court abused its discretion by summarily denying his claim of ineffective assistance of appellate counsel. Rodriguez complains that his appellate attorney failed to claim ineffective assistance of trial counsel in his direct appeal.

A claim of ineffective assistance of appellate counsel is "properly raised in a first postconviction petition, because the petitioner could not have known of such a claim at the time of direct appeal." *Zornes v. State*, 880 N.W.2d 363, 370-71 (Minn. 2016). "When an ineffective assistance of appellate counsel claim is based on appellate counsel's failure to raise an ineffective assistance of trial counsel claim, the petitioner must first show that trial counsel was ineffective." *Id.* at 371 (quotation omitted). This includes a showing that, but for the alleged errors of trial counsel, the result of his trial would have been different. *Wright v. State*, 765 N.W.2d 85, 92 (Minn. 2009).

As explained in section I, Rodriguez failed to show that he received ineffective assistance of counsel at his trial. His ineffective-assistance-of-appellate-counsel claim therefore fails as a matter of law, and the postconviction court did not err by rejecting it. And because the petition and record conclusively showed that Rodriquez was not entitled to relief, the postconviction court did not abuse its discretion by denying his petition without an evidentiary hearing.

**Affirmed.**